United States District Court
Southern District of Texas
**ENTERED**
December 30, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-16-2241 |
| v. | § | CRIMINAL NUMBER H-13-575-06 |
| | § | |
| ZEBADIAH JEROME COMB, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant, Zebadiah Jerome Comb, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 253) and a Memorandum of Law in Support of 28 U.S.C. § 2255 (Docket Entry No. 254). The United States has filed a Motion for Summary Judgment and Answer to Motion Under 28 U.S.C. § 2255 (Docket Entry No. 284).[1] For the reasons explained below, the government's motion will be granted.

Comb alleges that his trial attorney provided ineffective assistance in advising him to accept a guilty plea without an adequate factual basis for the plea and in not arguing that his sentence was unreasonable and that he was entitled to a minor role adjustment. Comb also alleges that his appellate counsel was ineffective because he did not raise these arguments in Comb's direct appeal.

---

[1] Docket entry numbers refer to Criminal No. H-13-575.

Comb pled guilty to aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2113(a),(d), and 2 pursuant to a written Plea Agreement (Docket Entry No. 86).   Paragraph 6 of the Plea Agreement states:

> Defendant is aware that Title 28, United States Code, § 1291, and Title 18, United States Code, § 3742, afford a defendant the right to appeal the conviction and sentence imposed.  Defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined.   Additionally, Defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  Defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.   In the event the Defendant files a notice of appeal following the imposition of the sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver.

At Comb's rearraignment the following colloquy occurred between the court and Comb:

> THE COURT:   Now, both of you will please listen carefully.  Before I can accept your guilty pleas, I must make a number of findings.  My findings are based on your answers to my questions.  In order for my findings to be correct, it is therefore necessary that all of your answers be truthful ad complete.
>
> . . .
>
> THE COURT:  And, Mr. Comb, do you understand that?
>
> DEFENDANT COMB:  Yes, Your Honor.
>
> THE COURT:  Also, since you are now under oath, if you gave a statement that was untrue, you could be prosecuted for the additional crime of perjury.  Will each of you agree with me this morning that if you do not understand anything that I say, you will stop and ask me to repeat or explain whatever you do not understand?

-2-

. . .

THE COURT:  And, Mr. Comb, will you agree to do that?

DEFENDANT COMB:  Yes, Your Honor.

THE COURT:  Also, you may stop at any time and speak with your attorney.  You do not need anyone's permission to speak with your attorney.

(Transcript of Rearraignment, Docket Entry No. 217, pp. 4-5)

. . .

THE COURT:  How many times have you spoken with your attorney, Mr. Smith, about this case?

DEFENDANT COMB:  About eight or nine times.

THE COURT:  Has he discussed with you the charges against you and what the government would have to prove to establish your guilt?

DEFENDANT COMB:  Yes, Your Honor.

THE COURT:  Has your attorney reviewed with you the evidence that the government has against you?

DEFENDANT COMB:  Yes, Your Honor.

THE COURT:  Has he discussed with you how the federal advisory sentencing guidelines might apply in your case?

DEFENDANT COMB:  Yes, Your Honor.

THE COURT:  Has your attorney done everything that you have asked him to do?

DEFENDANT COMB:  Yes, Your Honor.

THE COURT:  Are you fully satisfied with the advice and counsel that your attorney has provided you?

DEFENDANT COMB:  Yes, Your Honor.

(Transcript of Rearraignment, Docket Entry No. 217, pp. 8-9)

-3-

.  .  .

THE COURT:  And no determination has been made about what either of your sentences will be.  If I accept your guilty pleas, a probation officer will interview each of you, investigate the facts of the case, and prepare a presentence investigation report.  You will have an opportunity to read that report and to discuss the report with your attorney before your sentencing.  You or the government may file objections to the presentence report. At the time of your sentencing I will rule on any objections to the presentence report and then I will determine your advisory guideline range and your sentence.

What each of you needs to understand today is that this process of determining your sentence has not yet begun.  That means no one knows what advisory guideline range the probation officer will recommend or what advisory guideline range I will find applicable or what sentence I will impose.

.  .  .

THE COURT:  And, Mr. Comb, do you understand that?

DEFENDANT COMB:  Yes, Your Honor.

THE COURT:  If the sentence that I impose is greater than the sentence that you now expect or greater than the sentence that your attorney or anyone else may have predicted, you will be bound by your guilty plea today regardless of your sentence.  You will not be allowed to change your mind and withdraw your guilty plea because you are not satisfied with your sentence.

.  .  .

THE COURT:  Mr. Comb, do you understand that?

DEFENDANT COMB:  Yes, Your Honor.

THE COURT:  The government has furnished me with a copy of each of your written plea agreements.  They're very similar, so I'm going to discuss them together.  Do each of you have a copy of the agreements before you?

.  .  .

-4-

DEFENDANT COMB:  Yes, Your Honor.

(Transcript of Rearraignment, Docket Entry No. 217, pp. 10-12)

. . .

THE COURT:   Mr. Comb, have you read your plea agreement?

DEFENDANT COMB:  Yes, Your Honor.

THE COURT:  When did you read it?

DEFENDANT COMB:  Tuesday.  Tuesday.

THE COURT:  Of this week?

DEFENDANT COMB:  Yes, sir.

THE COURT:  Have you discussed the agreement with your attorney?

DEFENDANT COMB:  Yes, Your Honor.

THE COURT:  How much time would you estimate you've spent discussing the agreement with your attorney?

DEFENDANT COMB:  Approximately an hour.

THE COURT:  All right.  Did he answer any questions that you may have had?

DEFENDANT COMB:  Yes, sir.  Yes, Your Honor.

(Transcript of Rearraignment, Docket Entry No. 217, p. 13)

. . .

THE COURT:  Paragraph 6 of each of your agreements says, "Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 2742 afford a defendant the right to appeal the conviction and sentence imposed.  Defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed or the manner in which the sentence was determined."

. . .

THE COURT:  Mr. Comb, have you also discussed that provision of your plea agreement with your attorney?

DEFENDANT COMB:  Yes, Your Honor.

THE COURT:  And as part of your plea agreement, do you also wish to waive the right to appeal the conviction and the sentence imposed and the manner in which the sentence was determined?

DEFENDANT COMB:  Yes, Your Honor.

THE COURT:  Paragraph 6 then says, "Additionally, defendant is aware that Title 28, United States Code, Section 2255 affords the right to contest or collaterally attack a conviction or sentence after the conviction or sentence has become final.  Defendant knowingly and voluntarily waives the right to contest his conviction or sentence by means of any post-conviction proceeding."

. . .

THE COURT:  Mr. Comb, have you also discussed that provision of your plea agreement with your attorney?

DEFENDANT COMB:  Yes, Your Honor.

THE COURT:  And as part of your plea agreement, do you wish to waive the right to contest your conviction or sentence by means of any post-conviction proceeding?

DEFENDANT COMB:  Yes, Your Honor.

(Transcript of Rearraignment, Docket Entry No. 217, pp. 14-16)

. . .

THE COURT:  Counsel, do you believe any other advice of rights is required before I can accept your client's plea?

MR. SMITH:  I do not, Your Honor.

THE COURT:  All right.  Each of you may now sign the plea agreements.

It is the finding of the Court that each defendant is fully competent and capable of entering an

-6-

informed plea, that each defendant's plea of guilty is a knowing and voluntary plea, supported by an independent basis in fact, establishing each of the essential elements of the offense.

I specifically find that each defendant has knowingly and voluntarily waived his right to appeal his sentence or conviction or the manner in which it was determined and has knowingly and voluntarily waived his right to collaterally attack his conviction or sentence.

I therefore adjudge . . . Zebadiah Jerome Comb guilty of Count 1.

(Transcript of Rearraignment, Docket Entry No. 217, pp. 19-20)

The court concludes that Comb knowingly and voluntarily waived his right to collaterally attack his conviction or his sentence and that the claims in his § 2255 motion are subject to the waiver.

Moreover, even if Comb had not waived his right to seek relief under § 2255 none of his claims has any merit. Comb's attorney was not ineffective in advising Comb to accept his guilty plea because in the Factual Basis for Guilty Plea in his Plea Agreement (Docket Entry No. 86, pp. 7-9) Comb admitted to all of the essential elements of aiding and abetting bank robbery. Comb's counsel filed Defendant's Responses and Objections to the Presentence Investigation Report (Docket Entry No. 186) objecting to the recommendation in the Presentence Investigation Report ("PSR") that he receive a four-level enhancement as an organizer or leader in a criminal activity involving five or more participants. At Comb's sentencing the court overruled the objection after concluding that the enhancement was supported by the facts in the Plea Agreement and the PSR. (Transcript of Sentencing, Docket Entry No. 218, p. 3)

-7-

Nor was Comb's counsel ineffective for not arguing that there were sentencing disparities or in failing to object to the enhancement under Guideline § 2B3.1(b)(7)(B). Although the participants in the bank robbery had different roles in planning and carrying out the robbery, the facts he admitted in his Plea Agreement (i.e., "COMB admitted he was the consultant in the neighborhood regarding bank robberies. COMB stated he coached individuals about how best to rob banks." (Docket Entry No. 86, p. 8)) and the credible information in the PSR (Docket Entry No. 126) make it clear that Comb's trial counsel made the best argument available to him under the evidence he was faced with. Since these arguments have no merit, Comb's appellate counsel was not ineffective in failing to raise them on appeal. Therefore, even if Comb had not waived his right to collaterally attack his conviction and sentence, he would not be entitled to relief because he has raised no credible argument that his trial counsel or appellate counsel was deficient in representing Comb or that their representation prejudiced him.

In his Memorandum of Law Comb also argues that the court should retroactively apply Amendment 794 to the United States Sentencing Guidelines.[2] Even if Comb had not waived the right to seek collateral relief, that argument would have no merit.

---

[2]Comb's previously sought such relief in his 18 U.S.C. § 3582(c)(2) request for minor role adjustment (Docket Entry No. 250), which the court denied on July 27, 2016 (Order, Docket Entry No. 251).

Amendments to the Sentencing Guidelines do not apply retroactively unless the United States Sentencing Commission determines that the amendment is to apply retroactively.  <u>See</u> United States Sentencing Guidelines §§ 1B1.10(a)(2).  Because Amendment 794 is not listed in § 1B1.10(d), the amendment does not apply retroactively and, therefore, provides Comb no basis for relief.

Accordingly, the United States' Motion for Summary Judgment (Docket Entry No. 284) is **GRANTED**, and Comb's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 253) is **DENIED**.

**SIGNED** at Houston, Texas, on this 30th day of December, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE