IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CRIMINAL NO. H-13-575-06 |
| ZEBADIAH JEROME COMB | § § | |

**MEMORANDUM OPINION AND ORDER**

On December 30, 2016, the court denied a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody filed by the defendant, Zebadiah Jerome Comb (Register No. 97622-079).[1] Comb did not appeal that decision. He has, however, filed several motions and other submissions in an attempt to reopen this case and raise new claims for relief, including: a Memorandum Brief in Support of Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255(f)(3) ("Memorandum Brief") (Docket Entry No. 335); a Motion for Cause and Consideration of the Case ("Motion for Reconsideration") (Docket Entry No. 340); and a Motion for Discovery Pursuant to Rule 6(b) Discovery ("Motion for Discovery") (Docket Entry No. 341). In

---

[1]Memorandum Opinion and Order, Docket Entry No. 289. Although Civil Action No. H-16-2241 was assigned to Comb's initial motion under 28 U.S.C. § 2255 for administrative purposes, all docket entries referenced are to Criminal No. H-13-0575-06 and all page citations refer to the page number imprinted by the court's electronic filing system, CM/ECF.

response to these motions, the government has filed United States' Response to Successive Motion for Relief Under 28 U.S.C. § 2255 and Motion to Dismiss ("Motion to Dismiss") (Docket Entry No. 344). Comb has filed a Motion in Response to the Government's Reply (Docket Entry No. 345).

Comb has also filed a Motion to Reopen Case and or Withdraw Plea Pursuant to Rule 32(d) ("Motion to Reopen Case or Withdraw Plea") (Docket Entry No. 343), which also attempts to raise new claims. The government has filed United States' Response to Motion to Reopen Case or Withdraw Plea (Docket Entry No. 346). Comb has filed a Response to Government's Reply to Petitioner's Motion to Reopen Case or Withdraw Plea (Docket Entry No. 348) and a Motion to Appoint Counsel (Docket Entry No. 349).

The court has carefully reviewed the criminal action. Based upon this review and the application of governing legal authorities, the court concludes that the government's Motion to Dismiss should be granted and that all of Comb's motions should be denied for the reasons explained below.

I. **Background**

On November 25, 2013, a grand jury returned a three-count Superseding Indictment charging Comb and several confederates in connection with the armed robbery of a J.P. Morgan Chase Bank located in Kingwood, Texas.[2] Specifically, Comb and his codefendants were charged with aiding and abetting bank robbery in

---

[2]Superseding Indictment, Docket Entry No. 55, pp. 1-4.

violation of 18 U.S.C. §§ 2113(a), (d), and 2 (count one); aiding and abetting the carrying and brandishing of a firearm in relation to a crime of violence, namely a bank robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (count two); and conspiracy to carry and brandish a firearm in relation to a crime of violence, namely bank robbery, in violation of 18 U.S.C. § 924(o) (count three).[3]

Comb, who had been previously convicted of bank robbery,[4] pled guilty to the charges in count one of the Superseding Indictment on April 11, 2014, under the terms of a written Plea Agreement.[5] The Plea Agreement contained the following factual basis for the guilty plea based on what the government anticipated proving at trial:

> On July 31, 2013, ALEXANDER SYLVESTER SELLERS, RODERICK DEWAYNE ANDERSON, ESEKIER HAMM, KEELAND DURALLE WILLIAMS, KENDRICK DEWAYNE WALKER, and ZEBADIAH JEROME COMB robbed the J.P. Morgan Chase Bank located at 2611 West Houston Parkway, Kingwood, Texas, which is insured by the Federal Deposit Insurance Corporation (FDIC). SELLERS, ANDERSON, HAMM, and WILLIAMS entered the bank carrying firearms, while WALKER remained outside the bank in a vehicle to act as the getaway driver, and COMB drove a separate vehicle through the area around the bank acting as surveillance for the robbery crew. Two of the robbery crew, both brandishing firearms, went directly behind the teller counter of the bank while the other two, both of whom were also brandishing firearms, remained in the lobby. Bank employees were forced at gunpoint to retrieve cash from two teller drawers. After

---

[3] Id. at 1-3.

[4] See Judgment in a Criminal Case in United States v. Comb, Crim. No. H-01-cr-0145-04 (S.D. Tex. April 4, 2002), Docket Entry No. 227, pp. 1-2 (imposing a total of 101 months' imprisonment followed by a three-year term of supervised release for bank robbery and use of a firearm during a crime of violence).

[5] Plea Agreement, Docket Entry No. 86, p. 1 ¶ 1.

receiving the cash, the robbery crew exited the bank and
departed the area in a stolen Dodge Durango driven by
WALKER. The loss amount attributed to the robbery was
$11,293.00.

    Houston Police Department (HPD) patrol units in the
area spotted the suspect vehicle and a chase ensued. The
suspect vehicle collided with a third party vehicle in
the area of FM 1960 and West Lake Houston Parkway.
SELLERS, ANDERSON, HAMM, WILLIAMS, and WALKER were
apprehended by law enforcement after a brief foot chase.
Recovered by investigators was cash totaling $9,193.00,
one shotgun, and three semiautomatic pistols. In post-
arrest statements, WILLIAMS, SELLERS and ANDERSON
identified ZEBADIAH JEROME COMB as having planned the
robbery.

    On September 24, 2013, COMB was arrested by HPD
pursuant to a state arrest warrant. During his arrest,
COMB gave his consent to search the vehicle he was
driving at the time of his arrest. Three cellular
telephones were located within his vehicle. The
telephones were retained as evidence. COMB acknowledged
that all three telephones were his.

    In a post-arrest statement, COMB admitted he was the
consultant in the neighborhood regarding bank robberies.
COMB stated he coached individuals about how best to rob
banks. Additionally, COMB stated he always possessed his
cellular telephones and did not go anywhere without them.

    On October 9, 2013, HPD performed an analysis of
cellular telephone tower information received from the
service provider for COMB's cell phones. Results from
the analysis revealed that on July 31, 2013 COMB's
cellular telephone was being utilized in close proximity
to the cellular tower closest to the Chase Bank located
at 2611 West Houston Parkway. Additionally, analysis
revealed that COMB's cellular telephone moved to the
tower in close proximity to the arrest of SELLERS,
ANDERSON, HAMM, WILLIAMS, and WALKER at the time of their
arrest.[6]

Comb signed the Plea Agreement, confirming that he had reviewed

"every part" of the document with his attorney and voluntarily

---

[6] <u>Id.</u> at 7-9, ¶ 14 (emphasis in original).

agreed to its terms.[7] Paragraph 6 of the Plea Agreement stated that Comb "knowingly and voluntarily" waived the right to appeal or "collaterally attack" his conviction and sentence under 28 U.S.C. § 2255.[8] The court expressly directed Comb's attention to the waiver during the rearraignment hearing, and Comb acknowledged that he had discussed the provision with his attorney.[9] The court then asked Comb if he "wish[ed] to waive the right to contest [his] conviction or sentence by means of any post-conviction proceeding," to which Comb replied, "Yes, sir."[10]

The court accepted Comb's plea and directed the Probation Department to prepare a Presentence Report ("PSR") for purposes of sentencing.[11] The PSR calculated Comb's total offense level at 33, which included a four-level enhancement under U.S.S.G. § 3B1.1(b) for his role as an organizer/leader of the offense.[12] The PSR noted that Comb would be eligible for an adjustment for acceptance of responsibility if he provided a statement before his sentencing.[13] Based on a total offense level of 33 and his placement in Criminal

---

[7] Plea Agreement - Addendum, Docket Entry No. 86, p. 13.

[8] Plea Agreement, Docket Entry No. 86, pp. 3-4 ¶ 6.

[9] Transcript of Rearraignments, Docket Entry No. 217, pp. 14-16.

[10] Id. at 16.

[11] Order for Presentence Investigation and Disclosure & Sentencing Dates, Docket Entry No. 87, p. 1.

[12] PSR, Docket Entry No. 126, pp. 18-19.

[13] Id. at 19.

History Category II, Comb faced a potential sentence of 151 to 188 months' imprisonment.[14] Comb subsequently provided a written statement, which was included in an addendum to the PSR, in which he accepted his responsibility and admitted his guilt.[15] With a three-level decrease for acceptance of responsibility, the Probation Department revised its calculation to reflect a potential term of imprisonment ranging from 108 to 135 months.[16]

Comb's defense counsel filed written objections to the four-level enhancement assessed in the PSR for Comb's role as a leader or organizer in the offense.[17] Comb also filed pro se objections to the four-level enhancement and denied planning the robbery.[18] In addition, defense counsel filed a memorandum seeking a downward variance in light of Comb's cooperation with authorities, and he provided several character letters in an effort to reduce the sentence below the recommended Guideline range.[19]

At a sentencing hearing held on September 17, 2015, the court denied all of the objections raised by Comb and his defense

---

[14]Id. at 31.

[15]Second Addendum to the PSR, Docket Entry No. 178, pp. 1-2.

[16]Id. at 2.

[17]Defendant's Responses and Objections to the Presentence Investigation Report, Docket Entry No. 186, pp. 1-6.

[18]Letter, Docket Entry No. 185, pp. 1-2.

[19]Defendant's Memorandum in Aid of Sentencing and Motion for Variance Under 18 USC § 3553, Docket Entry No. 201, pp. 1-10; and Exhibits, Docket Entry No. 201-1, pp. 1-5.

counsel.[20] Noting Comb's prior bank robbery conviction and his admission that he helped others to plan and carry out such offenses, the court concluded that his placement in Criminal History Category II did not adequately reflect the seriousness of his criminal conduct or the likelihood that he would continue to commit violent crimes in the future.[21] Noting further that three bank employees were assaulted by co-conspirators in this case, the court varied upward in order to protect the public from additional criminal conduct by Comb and sentenced him to 188 months in prison followed by a five-year term of supervised release.[22]

After the sentence was imposed, defense counsel filed a motion asking the court to reconsider, seeking a sentence within the PSR's recommended Guideline range of 108 to 135 months or, alternatively, a sentence comparable to the terms of imprisonment imposed for Comb's codefendants.[23] Defense counsel noted that Comb's codefendants had received sentences of 154 months (Dewayne Anderson and Keeland Duralle Williams), 130 months (Esekier Hamm), 110 months (Alexander Sellers), and 84 months (Kendrick Walker).[24] The court denied the Motion for Reconsideration, emphasizing that the

---

[20]Transcript of Sentencing, Docket Entry No. 218, p. 3.

[21]Id. at 13.

[22]Id. at 14; Judgment in a Criminal Case, Docket Entry No. 204, pp. 2, 3.

[23]Defendant's Motion for Reconsideration of Sentence, Docket Entry No. 206, pp. 1-4.

[24]Id. at 2.

sentence of 188 months in prison was "sufficient, but not greater than necessary, to comply with the relevant purposes set forth in 18 U.S.C. § 3553(a)(2)" for reasons explained at the sentencing hearing.[25]

After Comb filed a Notice of Appeal,[26] his appointed counsel filed a brief under <u>Anders v. California,</u> 87 S. Ct. 1396 (1967), stating that there was no non-frivolous issue for appeal.[27] The Fifth Circuit agreed and dismissed the appeal.[28] <u>See United States v. Comb,</u> 653 F. App'x 264 (5th Cir. June 21, 2016) (per curiam). Comb did not file a petition for a writ of certiorari with the United States Supreme Court. As a result, his conviction became final on September 19, 2016. <u>See Clay v. United States,</u> 123 S. Ct. 1072, 1075 (2003) (holding that a judgment becomes final for purposes of seeking collateral review under 28 U.S.C. § 2255 "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction").

On July 25, 2016, Comb filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Initial § 2255 Motion").[29] He argued that his defense

---

[25]Order, Docket Entry No. 211, p. 1.

[26]Notice of Appeal, Docket Entry No. 202, p. 1.

[27]Opinion in <u>United States v. Comb,</u> No. 15-20531 (5th Cir. June 21, 2016), Docket Entry No. 243, pp. 1-2.

[28]<u>Id.</u>

[29]Initial § 2255 Motion, Docket Entry No. 253, pp. 1-10.

-8-

counsel was ineffective for advising him to accept a guilty plea with "no factual basis" and that it was "plain error" for the court to consider his "leadership role" in the offense.[30] Comb also alleged that defense counsel was deficient for not arguing that his sentence was "unreasonable" due to a "sentence disparity" with his codefendants and for failing to object or request a reduction in the sentence for his "minor role" in the offense.[31] On December 30, 2016, the court concluded that Comb had knowingly and voluntarily waived his right to collaterally attack his conviction or his sentence and that his claims were subject to the waiver found in the Plea Agreement.[32] Alternatively, the court concluded that his claims were without merit and denied relief.[33] Comb did not appeal that decision.

On October 23, 2018, the court received Comb's Memorandum Brief, which seeks relief from his sentence pursuant to 28 U.S.C. § 2255(f)(3).[34] Comb argues that he is entitled to relief because: (1) his sentence should be corrected due to a "disparity" in light of Hughes v. United States, 138 S. Ct. 1765 (2018); (2) the conviction was obtained in violation of the Fourth Amendment under

---

[30]Id. at 4.

[31]Id. at 5, 7.

[32]Memorandum Opinion and Order, Docket Entry No. 289, p. 7.

[33]Id. at 7-9.

[34]Memorandum Brief, Docket Entry No. 335, pp. 1-13.

Carpenter v. United States, 138 S. Ct. 2206 (2018), because police illegally ordered him from his vehicle and unlawfully detained him without a warrant when he was arrested by HPD on September 24, 2013; (3) defense counsel was deficient for failing to object to the Presentence Report, which failed to award a three-level decrease for acceptance of responsibility; and (4) he was denied effective assistance on appeal because his appointed attorney told him that he had no meritorious issue to raise.[35]

On January 8, 2019, the court received Comb's Motion for Reconsideration, which argues that he is entitled to a reduction in sentence under Rosemond v. United States, 134 S. Ct. 1240 (2014), arguing that he had no knowledge that his co-conspirators intended to use, carry, or possess weapons during the robbery.[36] On January 17, 2019, Comb filed his Motion for Discovery, requesting a copy of the warrant for his arrest and information regarding whether his arrest violated the Fourth Amendment.[37] On March 4, 2019, Comb filed his Motion to Reopen Case or Withdraw Plea, repeating the argument that his arrest violated the Fourth Amendment and asking to withdraw his guilty plea under Rule 32(d) of the Federal Rules of Criminal Procedure.[38]

---

[35]Id. at 2-11.

[36]Motion for Reconsideration, Docket Entry No. 340, pp. 1-2.

[37]Motion for Discovery, Docket Entry No. 341, pp. 1-2.

[38]Motion to Reopen Case or Withdraw Plea, Docket Entry No. 343, pp. 1-7.

The government argues that whether or not Comb's submissions are construed as an attempt to revive his Initial § 2255 Motion or to reopen his criminal case, any attempt by Comb to raise new claims constitutes an unauthorized second or "successive" motion for relief under 28 U.S.C. § 2255.[39] For the same reason, the government argues that his Motion to Reopen Case or Withdraw Plea, in addition to being untimely, also constitutes an improper attempt to raise new claims in a successive application for relief under § 2255.[40] Because Comb has not obtained leave to pursue a successive motion pursuant to 28 U.S.C. § 2244, as required under § 2255(h), the government argues that Comb's motions should be dismissed for want of jurisdiction.[41]

## II. Analysis

Courts construe pleadings filed by pro se litigants under a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) ("A document filed pro se is 'to be liberally construed[.]'") (quoting Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)). In reviewing these

---

[39]Motion to Dismiss, Docket Entry No. 344, p. 8.

[40]United States' Response to Motion to Reopen Case or Withdraw Plea, Docket Entry No. 346, p. 5.

[41]Motion to Dismiss, Docket Entry No. 344, p. 8; United States' Response to Motion to Reopen Case or Withdraw Plea, Docket Entry No. 346, p. 5.

submissions, the title a prisoner gives to pro se pleadings is not controlling; rather, courts look at the content of the pleading. United States v. Santora, 711 F.2d 41, 42 n.1 (5th Cir. 1983).

To the extent that Comb has attempted to cast his submissions as motions for reconsideration of the sort that might arise under Rule 60(b) of the Federal Rules of Civil Procedure, none of his claims call into question the court's ruling on his Initial § 2255 Motion. Because a federal criminal defendant is generally permitted only one motion for relief under § 2255, the Supreme Court has clarified that motions under Rule 60(b) may not be used to advance substantive claims. See Gonzalez v. Crosby, 125 S. Ct. 2641, 2647-50 (2005) (distinguishing between motions that challenge a "defect in the integrity of the federal habeas proceedings" and those advancing substantive claims). Instead, a defendant seeking reconsideration under Rule 60(b) must raise "a non-merits-based defect in the district court's earlier decision" on a motion for collateral review. In re Robinson, 917 F.3d 856, 862 (5th Cir. 2019) (emphasis in original) (citation and internal quotation marks omitted). Where a motion advances one or more substantive claims for relief, as opposed to raising a procedural defect in his original proceeding under § 2255, "the motion should be construed as a successive § 2255 motion[.]" United States v. Hernandes, 708 F.3d 680, 681 (5th Cir. 2013) (citing Gonzalez, 125 S. Ct. at 2648 & n.4).

The government correctly notes that Comb's submissions, including his Memorandum Brief, Motion for Reconsideration, Motion for Discovery, and Motion to Reopen Case or Withdraw Plea, all attempt to raise new substantive claims for relief, rather than a non-merits based defect in the court's earlier decision on his Initial § 2255 Motion.[42] As such, these submissions are construed as a successive motion for relief under § 2255.

It is well established that a second or successive motion under § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain --

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Under the plain language of this gatekeeping provision, this court lacks jurisdiction to entertain a second or

---

[42] Motion to Dismiss, Docket Entry No. 344, pp. 6-8; United States' Response to Motion to Reopen Case or Withdraw Plea, Docket Entry No. 346, pp. 5-9. The government notes that none of the cases relied upon by Comb (Hughes, Carpenter, and Rosemond) apply to his conviction and sentence. See Motion to Dismiss, Docket Entry No. 344, p. 10. In addition, the government notes that Comb's request to withdraw his guilty plea is untimely under Fed. R. Crim. P. 11(e) ("After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack."). See United States' Response to Motion to Reopen Case or Withdraw Plea, Docket Entry No. 346, pp. 8-9.

successive motion unless a panel of the United States Court of Appeals for the Fifth Circuit authorizes the filing of such a motion. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (describing the gatekeeping provision as a bar to the district court's asserting jurisdiction over any successive habeas petition until permission has been granted). "Indeed, the purpose of this provision was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." Key, 205 F.3d at 774 (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)).

Comb appears to contend that the gatekeeping provision should not apply because he has not expressly invoked 28 U.S.C. § 2255 in any of his pending motions.[43] Comb does not dispute, however, that he is attempting to raise new substantive claims and he offers no reason why the gatekeeping provision found in 28 U.S.C. § 2255(h) should not apply to his pending motions for relief from his conviction and sentence. See Robinson, 917 F.3d at 865-68 (reviewing a defendant's claims based on intervening Supreme Court precedents and concluding that "[t]he district court did not err in determining that the [defendant's] motion was, in actuality, a second or successive habeas petition"). Because he has not complied with § 2255(h) by obtaining authorization to file a

---

[43]Motion in Response to the Government's Reply, Docket Entry No. 345, pp. 1-4.

successive motion for relief from his conviction and sentence, Comb's pending motions will be denied for lack of jurisdiction. As a result, the court is also without jurisdiction to consider Comb's motion for appointment of counsel. See Key, 205 F.3d at 775.

### III. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that the district court must issue or deny a certificate of appealability when it enters a "final order adverse to the applicant." A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 U.S. at 1604. The defendant has not shown that he meets the criteria for a certificate of appealability in this case. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Accordingly, it is **ORDERED** that

1. The United States' Motion to Dismiss (Docket Entry No. 344) is **GRANTED**.

2. All of the pending motions filed by the defendant, Zebadiah Jerome Comb, including the Memorandum Brief in Support of Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255(f)(3) (Docket Entry No. 335); Motion for Cause and Consideration of the Case (Docket Entry No. 340); Motion for Discovery Pursuant to Rule 6(b) Discovery (Docket Entry No. 341); Motion to Reopen Case and or Withdraw Plea Pursuant to Rule 32(d) (Docket Entry No. 343); Motion in Response to the Government's Reply (Docket Entry No. 345); and Motion to Appoint Counsel (Docket Entry No. 349) are **DENIED**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 18th day of March, 2020.

                                        SIM LAKE
                        SENIOR UNITED STATES DISTRICT JUDGE