United States District Court
Southern District of Texas
**ENTERED**
January 17, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v.   § | |
| § | CRIMINAL NUMBER H-13-0575-06 |
| ZEBADIAH JEROME COMB, § | |
| § | |
| Defendant.   § | |

## MEMORANDUM OPINION AND ORDER

Zebadiah Jerome Comb ("Defendant") pleaded guilty to Aiding and Abetting Bank Robbery, and the court sentenced him to 188 months in custody.[1] The court previously denied Defendant's Renewed Motion for Reduction of Sentence and/or Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as Amended by the First Step Act of 2018 ("Defendant's Second MFCR") (Docket Entry No. 393). The Fifth Circuit ordered a limited remand as to two ground for relief and the 18 U.S.C. § 3553(a) factors. For the reasons explained below, Defendant's Second MFCR will be denied.

### I. Background

Defendant's Second MFCR raised four grounds that he argues are extraordinary and compelling reasons for a reduced sentence: "(1) he suffers from 'moderate asthma,' which made him susceptible to contracting severe COVID-19; (2) the COVID-19 pandemic made

---

[1] Plea Agreement, Docket Entry No. 86, p. 1; Judgment in a Criminal Case, Docket Entry No. 204, p. 2. All page numbers refer to the pagination printed at the top of the page by the court's Electronic Case Filing system.

Comb's incarceration 'harsher and more punitive than would otherwise have been the case'; (3) he made efforts to rehabilitate himself in prison; and (4) he was needed as the primary caregiver for his elderly, incapacitated mother who is scheduled to have heart surgery."[2] The Fifth Circuit ordered a limited remand to allow this court to consider whether Defendant's third and fourth grounds warrant compassionate release and to weigh the § 3553(a) factors.[3] The court ordered and reviewed supplemental briefing from the parties.

## II. **Legal Standard**

Title 18 U.S.C. § 3582(c)(1)(A) states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant . . . may reduce [a] term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . if it finds that--
>    (i) extraordinary and compelling reasons warrant such a reduction . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

"We understand 'extraordinary' to mean 'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" United States v. Escajeda, 58 F.4th 184, 186 (5th Cir. 2023) (quoting Webster's New International Dictionary 903 (2d. ed. 1934; 1950)). The U.S. Sentencing Commission has issued a policy statement listing extraordinary and compelling reasons for sentence reductions. U.S.S.G. § 1B1.13(b). The Fifth Circuit has held that

---

[2] Unpublished Order of the Fifth Circuit, Docket Entry No. 436, p. 2.

[3] Id.

§ 1B1.13 does not bind courts with respect to motions brought by prisoners. United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021).[4] "Even so, Section 1B1.13 may 'inform[]' the district court's analysis." United States v. Jackson, 27 F.4th 1088, 1090 (5th Cir. 2022).

The policy statement defines family circumstances that qualify as extraordinary and compelling:

> **(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> **(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(C)** <u>The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.</u>
>
> **(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual.

U.S.S.G. § 1B1.13(b)(3) (emphasis added). As to rehabilitation,

---

[4] The court's holding was based on language in the policy statement suggesting it applied only to "'motion[s] of the Director of the Bureau of Prisons.'" Shkambi, 993 F.3d at 392 (quoting U.S.S.G. § 1B1.13 (2021)). The since-amended policy statement appears to apply to both BOP motions and prisoners' motions. See U.S.S.G. § 1B1.13 ("Upon motion of the Director of the Bureau of Prisons or the defendant . . .").

§ 1B1.13(d) states:

> [R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

The § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>
> * * *
>
> (5) any pertinent [Sentencing Commission] policy statement--
>
> * * *
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

### III. Analysis

**A.   Family Circumstances**

Defendant's mother is 70 years old, suffers from chronic illnesses, and has had recent surgeries related to blood clots.[5] Many people Defendant's age have ailing parents with serious health problems. But Defendant does not show that his mother's diagnoses rise to the level of "incapacitation[.]" U.S.S.G. § 1B1.13(b)(3)(C). Defendant does not show what care his mother requires. And although Defendant states that he is needed as a "[p]rimary" caregiver,[6] he does not address whether he would be her "only available caregiver." Id. Without these showings, the court is not persuaded that Defendant's family circumstances warrant a reduced sentence.

**B.   Rehabilitation**

Defendant's rehabilitation evidence is limited to a BOP log of his participation in rehabilitative programs. That is wholly inadequate for the court to conclude that Defendant's rehabilitation is "'beyond or out of the common order.'" Escajeda, 58 F.4th at 186. Moreover, the court agrees with § 1B1.13(d)'s statement that rehabilitation is not, by itself, an extraordinary and compelling reason for a reduced sentence. And Defendant's

---

[5]Defendant's Mother's Medical Records, Exhibit D to Defendant's Second MFCR, Docket Entry No. 393-1, pp. 10, 12. Defendant's Second MFCR also states that his mother has pending heart surgery. Docket Entry No. 393, p. 18.

[6]Defendant's Second MFCR, Docket Entry No. 393, p. 18.

rehabilitation evidence and his other grounds do not together amount to an extraordinary and compelling reason for a sentence reduction.[7]

## C. The § 3553(a) Factors

The nature and circumstances of the offense are stark: Defendant recruited for and planned a bank robbery in which four armed coconspirators entered the bank, assaulted two employees and a customer, took over $10,000, and while fleeing caused an automobile crash that injured two bystanders.[8] Defendant, along with coconspirator Quincy Randolph, planned the conspirators' roles in the robbery, decided how much each would get paid, and paid them.[9] During the robbery, Defendant drove a trail vehicle, conducting surveillance of the bank's surrounding area and communicating with one of the coconspirators inside the bank.[10] Defendant's history and characteristics are similarly striking. After serving a lengthy sentence for a prior unrelated bank robbery, Defendant, by his own admission, became a bank robbery consultant in the neighborhood, coaching others about how best to

---

[7]The court also notes that Defendant's BOP record shows that he participated in rehabilitative programs during his prior bank robbery sentence, after which he took part in another bank robbery.

[8]Presentence Investigation Report, p. 5 ¶¶ 5-6, p. 6 ¶ 9, pp. 14-15 ¶ 29.

[9]Id. at 15 ¶ 29.

[10]Id. at 14 ¶ 29.

rob banks.[11] As stated in the PSR, Defendant recruited many individuals to participate in robberies, including employees of target businesses, people to scout the targets, and the robbery crews.[12] Defendant's leading role in the offense, his prior bank robbery conviction, and his pattern of causing others to participate in robbery schemes make a sentence reduction inappropriate.

The fact that Defendant chose to orchestrate a bank robbery after completing a lengthy bank robbery sentence persuades the court that a lengthier sentence is necessary "to afford adequate deterrence" and "to protect the public from further crimes of the defendant[.]" 18 U.S.C. § 3553(a)(2)(B), (C).

Defendant argues that the court imposed an unwarranted sentencing disparity between him and his codefendants. See 18 U.S.C. § 3553(a)(6). But the charged codefendants were subordinate to, coached by, and in some cases recruited by Defendant. And although Defendant was not one of the armed, in-the-bank robbers, that is only because he decided the conspirators' roles.

Therefore in addition to Defendant's failure to present extraordinary and compelling reasons for a sentence reduction, the § 3553(a) factors independently make a reduction inappropriate.

---

[11] Id. at 13 ¶ 26.

[12] Id. at 8 ¶ 16.

## IV. Conclusion and Order

Because Defendant has failed to show any extraordinary and compelling reasons for a sentence reduction and because the § 3553(a) factors make a reduction inappropriate (and for the reasons stated in the court's July 24, 2023, Order (Docket Entry No. 404)), Defendant's Renewed Motion for Reduction of Sentence and/or Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as Amended by the First Step Act of 2018 (Docket Entry No. 393) is **DENIED**.

**SIGNED** at Houston, Texas, on this 17th day of January, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE